# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1354V
Filed: March 2, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DAVID WOOD, | |
|           Petitioner, | Ruling on Entitlement; Concession; Damages Decision Based on Proffer; Influenza ("Flu") Vaccine; Shoulder Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|           Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle Strait, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.*
*Claudia Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

### RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 12, 2015, David Wood ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that as a result of receiving an influenza ("flu") vaccine on October 25, 2014, he suffered an injury to his shoulder. Petition at 1-2. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 1, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer on Damages at 1. Specifically, respondent concluded that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration ("SIRVA"), and that it was caused-in-fact by the flu vaccine he received on October 25, 2014. *Id.* at 3. Respondent further stated that she did not identify any other causes for

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner's SIRVA, and the records show that he has suffered the sequela of this injury for more than six months.  *Id.*  Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.  *Id.* at 3.

Additionally, "[b]ased upon the evidence of record, respondent proffers that petitioner should be awarded $100,514.00" in compensation.  *Id.*  Respondent represents that petitioner agrees with the proffered award.  *Id.*

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation.  Further, based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in Respondent's Rule 4(c) Report and Proffer on Damages.**

Pursuant to the terms stated in **Respondent's Rule 4(c) Report and Proffer on Damages, the undersigned awards petitioner a lump sum payment of $100,514.00 in the form of a check payable to petitioner, David Wood.**[3]  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                **s/Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Chief Special Master

---

[3] "Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages."  Respondent's Rule 4(c) Report and Proffer on Damages at 4.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.